IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KAREN SUE BREWER                                                                         PLAINTIFF

vs.                                           Civil No. 4:09-cv-04109

MICHAEL J. ASTRUE                                                                    DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Karen Sue Brewer ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Income Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed her application for DIB on April 26, 2005.  (Tr. 57).  Plaintiff alleged she was disabled due to fibromyalgia.  (Tr. 68).  Plaintiff alleged an onset date of March 1, 2005.  (Tr. 68).  Plaintiff's applications were denied initially and were denied at the reconsideration level on May 19, 2006.  (Tr. 41).

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

1

On July 12, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 36). This hearing was held on March 21, 2007 in Hot Springs, Arkansas. (Tr. 187-237). Plaintiff was present and was represented by counsel, James Street, at this hearing. *See id.* Plaintiff, her husband Honval Brewer, and Vocational Expert ("VE") William Elmore testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a GED. (Tr. 192).

On August 11, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-20). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 2005, however the ALJ did find Plaintiff worked part-time in 2006 and 2007 and although it did not rise to level of SGA for the year, there were months within 2007 in which she earned amounts equal to SGA. (Tr. 19, Finding 2). The ALJ determined Plaintiff had the severe impairment of mild degenerative arthritis of the right knee, varicose veins, low back pain, moderate obesity, and depression. (Tr. 19, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 11-17). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 15). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform work at the full range of light work activity. (Tr. 17).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 18-19, Findings 6, 11). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 194-195, 198-199, 203-207, 232-235). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a chicken house operator. (Tr. 18). The ALJ determined, considering her RFC, that Plaintiff would be unable to perform her PRW. (Tr. 20, Finding 6).

The ALJ then used Medical-Vocational Guidelines Rule 201.21 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. See 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.22. (Tr. 20, Finding 11). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 20, Finding 12).

On September 11, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On October 1, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On October 19, 2009, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on October 30, 2009. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 8, 9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

3

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

4

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination, (B) the ALJ erred in his finding Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, (C) the ALJ erred in his treatment of treating physician opinions, and (D) the ALJ erred in his evaluation of Plaintiff's subjective complaints. In response, Defendant argues: (A) the ALJ properly determined the Plaintiff's RFC, (B) the ALJ properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, (C) the ALJ gave proper treatment to the opinions of treating physicians, and (D) the ALJ properly considered Plaintiff's subjective complaints.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating

5

physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined that Plaintiff had the RFC to perform work at the full range of light work activity. (Tr. 17). Plaintiff claims substantial evidence does not support the ALJ's RFC determination. Plaintiff relies on the opinions of treating physician Drs. Cheryl Vogan and Randy Walker in support of her position that the ALJ erred in his RFC determination. ECF No. 8, Pgs. 3-7, 14-16. Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record. ECF No. 9, Pgs, 8-11.

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at1013 (citing 20 C.F.R § 404.1527(d)(2), and

6

SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff alleged disability based in part on fibromyalgia. Plaintiff relies on the opinions of treating physicians Drs. Vogan and Walker, along with Dr. Oge, who performed a consultive physical exam of Plaintiff. Each of these physicians provided a diagnosis of fibromyalgia. (Tr. 121, 124, 139, 144, 146, 154, 159, 175-181). The ALJ, is his decision, discounted the opinions of these doctors because he found them unsupported by objective evidence and because they were internally inconsistent with their own medical findings on physical examination. (Tr. 12-13). The ALJ did not provide detail as to how these opinions were unsupported or inconsistent. The ALJ also pointed out that the opinion of Dr. Oge, who only examined Plaintiff once, is not considered substantial evidence because it was a single consultative examination. (Tr. 13). However, this was the extent of his analysis and no other reasons were set forth by the ALJ for disregarding the opinions of these physicians.

The ALJ relies solely on the opinions of Dr. Roshan Sharma who performed a single consultative examination of Plaintiff. (Tr. 182-186). At the conclusion of Plaintiff's hearing, the ALJ requested Plaintiff undergo an exam by a rheumatologist. (Tr. 236). However, Dr. Sharma does not appear to be a rheumatologist. According to his letterhead, Dr. Sharma practices physical medicine and is a rehabilitation specialist. (Tr. 182). Of additional concern is the fact that neither Dr. Sharma, nor the ALJ, discuss the rheumatoid factor lab work performed on Plaintiff which

7

showed Plaintiff was tested as "high" on the rheumatoid factor lab work. (Tr. 186).

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinion of Plaintiff's treating physicians, Drs. Vogan and Walker. Because the ALJ did not properly review the opinions of Plaintiff's treating physicians, this case should be reversed and remanded for proper review and analysis of the opinions of Plaintiff's treating physicians. Also, assuming Dr. Sharma is in fact not a rheumatologist, then on remand, Plaintiff shall receive a rheumatologic consultative examination. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **21st day of March, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

8